# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 18, 2001

## STATE OF TENNESSEE v. DENNIS HARRY JOHNSON

**Appeal from the Circuit Court for Bedford County**
**No. 14586    Lee Russell, Judge**

---

### No. M2000-03047-CCA-R3-CD - Filed October 12, 2001

---

The defendant, Dennis Harry Johnson, pled guilty to two counts of sexual exploitation of a minor. The trial court imposed a sentence of one year and six months on each count, to be served consecutively, for an effective sentence of three years. In this appeal of right, the defendant argues that the trial court erred by denying his request for alternative sentencing and by ordering the sentences to be served consecutively. The judgments are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Andrew Jackson Dearing, III, Shelbyville, Tennessee, for the appellant, Dennis Harry Johnson.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; W. Michael McCown, District Attorney General; and Michael Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was indicted on two counts of sexual exploitation of a minor. The first count was based upon the defendant's possession of sexually explicit videotapes. Discovered in 1999, the videotapes had been produced in 1990. The defendant and a male victim, approximately twelve years old, were each shown with exposed, erect penises. The two placed doll clothing on their erect penises and manipulated their penises to background music. The second count was based upon the defendant's possession of photographs and computer discs containing images of nude minors of both sexes, some of whom were engaging in sexual acts. After the state denied an application for pre-trial diversion, the defendant pled guilty to each count and the trial court sentenced the defendant to two consecutive one-year-and-six-month periods of incarceration.

At his sentencing hearing, the defendant explained that he had downloaded many of the computer images only because he wanted to complete his collection of the full set of photographs.

He testified that the boy in the videos was a neighbor with whom he had a close relationship and with whose care he was occasionally charged. The defendant acknowledged that he initially failed to see any harm in making the videos or downloading the pictures, but that he had later come to realize the wrongfulness of his actions. He asked the trial court to consider him an especially mitigated offender and to consider an alternative sentence because he had no criminal record and had maintained steady employment throughout his life.

The trial court first determined that the defendant failed to qualify as an especially mitigated offender because there were enhancing factors applicable to both charges. The trial court concluded that the defendant was a standard Range I offender and applied the following enhancement factors to each conviction:

> (1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
> (4) The victim was particularly vulnerable because of age or physical or mental disability; and
> (7) The offense involved a victim and was committed to gratify a desire for pleasure or excitement.

See Tenn. Code Ann. § 40-35-114. The trial court also applied enhancement factor (15), that the defendant either abused a public or private trust or used a special skill to facilitate commission of the crime, to the first count. Enhancement factor (3), that the offense involved more than one victim, was applied to the second count.

The trial court applied two mitigating factors: (1) that the defendant's conduct neither caused nor threatened serious bodily injury; and (13) that the defendant had generally maintained employment during his life and that a psychological examination established that the defendant's primary sexual interest was in adult females.. See Tenn. Code Ann. § 40-35-113.

In fixing the sentences at one year and six months for each offense, the trial court first enhanced each term to two years and then applied mitigating factors to reduce the lengths of the sentences. The trial court ordered the sentences to be served consecutively because the defendant had been convicted of two or more statutory offenses involving sexual abuse of a minor:

> Here there is extensive sexual exploitation of a number of minors, of both sexes. The sheer volume of photographs suggests collection over an extended period of time, and the relationship between the defendant and his victim on the videos was that of neighbors and that of babysitter and child.

The trial court also denied the defendant's request for alternative sentencing, ruling that the presumption in favor of alternative sentencing had been overcome by the troublesome nature of the circumstances surrounding the offenses, the defendant's lack of potential for rehabilitation, and the defendant's lack of candor.

-2-

Initially, the defendant complains that the trial court erred by denying an alternative sentence and by ordering consecutive terms. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for a Class B, C, D, or E felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id.

If the trial court's findings of fact are adequately supported by the record, this court may not modify the sentence even if it would have preferred a different result. State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991). The presumption of correctness is, however, "conditioned upon the affirmative showing in the record that the trial court considered sentencing principles and relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The trial court must place on the record the reasons for the sentence. State v. Jones, 883 S.W.2d 597 (Tenn. 1994).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are, of course, presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(b) (Supp. 2000).

Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon

and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). The nature and circumstances of the offenses may often be so egregious as to preclude the grant of probation. See State v. Poe, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981). A lack of candor may also militate against a grant of probation. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983).

Here, the trial court specifically considered each of the appropriate factors. The court found as particularly troublesome the circumstances surrounding the offenses: the extreme youth of the victims and the defendant's involvement in an organization dedicated to the dissemination of child pornography. Further, the trial court found that the defendant's lack of remorse and his lack of candor during the sentencing hearing suggested that he lacked the potential for rehabilitation. Taking all of these factors together, the trial court properly concluded that the presumption in favor of alternative sentencing had been overcome. In our view, the evidence in the record does not preponderate against the determinations of the trial court.

Next, the defendant contends that the sentences should be served concurrently. Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case, our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications. Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), the court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors. There were, however, additional words of caution:

> [C]onsecutive sentences should not routinely be imposed . . . and . . . the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved.

Taylor, 739 S.W.2d at 230. The Sentencing Commission Comments adopted the cautionary language. Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments. The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria[1] exist:

> (1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;
> (2) The defendant is an offender whose record of criminal activity is extensive;
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct

---

[1] The first four criteria are found in Gray. A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims; or

(6) The defendant is sentenced for an offense committed while on probation;

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

The length of the sentence, when consecutive in nature, must be "justly deserved in relation to the seriousness of the offense," Tenn. Code Ann. § 40-35-102(1), and "no greater than that deserved" under the circumstances, Tenn. Code Ann. § 40-35-103(2); State v. Lane, 3 S.W.3d 456 (Tenn. 1999).

Here, the trial court found that the defendant fell within category (b)(5) and required the sentences to be served consecutively. The defendant argues that, because there was no proof that he published or otherwise made available to others the downloaded photographs, (b)(5) does not apply. We disagree. The record confirms that the trial court did not rule that (b)(5) applied in this case because the defendant published the photographs. Rather, the finding was based upon the relationship between the defendant and the victim in the videos and the extended period of time that the defendant had been involved in procuring child pornography. In our view, the record supports these findings. The state produced evidence at the sentencing hearing which showed that the defendant did, in fact, distribute child pornography by posting pictures on the internet over an extended period of time. Moreover, the defendant advocated the dissemination of child pornography through an internet web site and espoused a belief that certain rules of that site should be amended or at least suspended for a day to allow the posting of pictures depicting nude prepubescent males with erections. In summary, the trial court did not abuse its discretion by ordering that the defendant's sentences be served consecutively.

Accordingly, the judgments are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-5-